# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS EARL BOONE, JR., | § | |
| *Petitioner*, | § | |
| | § | |
| *vs.* | § | Civil Action H-07-cv-02610 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director of the Texas Department | § | |
| of Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| *Respondent*. | § | |

## Memorandum, Recommendation, and Order

Before the court is Thomas Earl Boone, Jr.'s 28 U.S.C. § 2254 habeas corpus petition

(Dkt. 1), his motion to amend (Dkt. 17),[1] and Respondent Quarterman's motion to dismiss

(Dkt. 13).  For the reasons expressed below, it is recommended that Quarterman's motion be

granted and Boone's petition be dismissed.

## Jurisdiction

Boone's petition is at least the eighth § 2254 petition he has filed in the Southern

District.[2]   Many of these petitions challenged Boone's convictions for burglary and

---

[1]  Boone's motion is granted.  However, for the reasons set forth below, the claims
contained within his amendment should be denied.

[2]  The on-line docket for the Southern District shows that Boone has filed § 2254
petitions in the following cases:  *Boone v. Quarterman*, No. H-07-2431 (S.D. Tex. 2007); *Boone
v. Dretke*, No. H-04-379 (S.D. Tex. 2005); *Boone, et al v. Johnson*, No. H-96-3776 (S.D. Tex.
1997) and *Boone v. State of Texas, et al*, No. H-93-777 (S.D. Tex. 1993).  Although, not

possession of a deadly weapon in a penal institution,[3] but Boone's current petition purports to challenge various state parole and disciplinary proceedings.  He presents four claims in his original petition:

(1)    the Texas Board of Pardons and Paroles violated due process because it applied     the "wrong" version of the parole statute when revoking his parole in 1991;

(2)    the Board also violated the Ex Post Facto Clause by its action;

(3)    the Texas Board of Criminal Justice participated in this violation of his parole rights by "usurping legislative authority;" and

(4)    the TDCJ disciplinary process and medical department violated due process by using adverse testimony of the psychiatric staff against him in disciplinary proceedings for over 15 years.

Not surprisingly, given the number of federal habeas petitions Boone has filed over the years, each of these claims are successive petitions over which this court lacks jurisdiction.  Boone himself concedes that he previously challenged his parole revocation as a due process violation in case no. H-93-0777, filed in March 1993.[4]  In 2005, District Judge

---

available on-line, records indicate that Boone has previously filed four additional § 2254 petitions in this district.  *See Boone v. Quarterman*, No. H-07-2431, 2 (S.D. Tex. 2007) (referencing H-82-559, H-83-2837, H-88-4268, and H-88-4354).  He has also filed at least two in the Eastern District. Civil Action No. 1:00cv728 (E.D. Tex. Dec.1, 2000); Civil Action No. 6:99cv372 (E.D. Tex. Sept. 20, 2001).

[3]  Boone was convicted for burglary of a habitation on August 2, 1978 in Harris County, Texas.  *Boone v. State*, 629 S.W.2d 786 (Tex. App.—Houston [14th] 1981).  On January 6, 1994, Boone was convicted in Anderson County, Texas for possessing a deadly weapon in a penal institution.  Dkt. 13 (citing Boone's Anderson County conviction in cause number 23, 150).

[4]  Dkt. 1, p. 8.

2

John Rainey dismissed as successive yet another of Boone's challenges[5] to his parole revocation. Boone now says his parole revocation violated other constitutional provisions. But the jurisdictional restrictions upon successive habeas applications applies even to claims not presented in the prior petition. *See Graham v. Johnson*, 168 F.3d 762, 774 (5th Cir.1999)("[A]n application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised."). Section 2244(b)(2) of AEDPA provides:

> A claim in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless
>
> > (A)    the applicant shows that the claim relies upon a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)    (i)the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that , but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2242(b0(2).

Boone makes no attempt to argue that his new legal theories rest upon a new rule of constitutional law made retroactive by the Supreme Court, or upon a factual predicate that could not have been discovered previously through the exercise of due diligence. He merely asserts that he "did not know about them" and "only recently ha[s] discovered" these

---

[5]  Civil Action No. H-04-0379.

theories.[6]  As § 2244(b)(2) makes plain, lack of knowledge is insufficient to overcome the jurisdictional bar to successive habeas applications.

The situation is no different with respect to the disciplinary proceedings challenged in ground four.  Although Boone contends that the due process disciplinary issue was not asserted in any previous federal petition, it certainly could have been.  Boone's application emphasizes that "all disciplinary hearings I've had apply to this [claim],"and estimated that between December 1984 to date there had been  "over a dozen, maybe as many as 50" such hearings.[7]  In other words, adversarial testimony of psychiatric staff was an issue in every one of his disciplinary hearings, resulting in a cumulative loss calculated by Boone at more than 3000 days of good-time credits since 1984.[8]  Clearly, the failure to raise this challenge to his disciplinary proceedings in earlier habeas petitions decided on the merits[9] constitutes an abuse of the writ.  *See Crone v. Cockrell*, 324 F.3d 833, 837-838 (5th Cir. 2003) (holding that a prisoner's failure to bring his unexhausted time credit claim in his first petition, when claim arose prior to the filing of his first petition, rendered his second petition "successive.").

Accordingly, Boone's challenge to both his parole revocation and disciplinary proceedings constitutes a successive application over which this court lacks subject matter

---

[6]  Dkt. 1, at p.8.

[7]  Dkt. 1, at p. 5.

[8]  *Id.*

[9]  E.g., H-88-4354; H-93-777; H-07-2431.

4

jurisdiction, absent authorization from the court of appeals.  *United States v. Key*, 205 F.3d

773, 774 (5th Cir. 2000).

<u>**Motion to Amend**</u>

Boone has also filed a motion to amend his habeas petition to raise an additional claim

pertaining to parole proceedings allegedly occurring in November 2006 and March 2007.[10]   In

particular, he claims that the state's decision to put off his next scheduled parole review until January

2011, four years and three months after his last review, constitutes a due process violation.  Boone's

motion to amend is granted.

Although this claim relates to parole proceedings, it is arguably not successive because the

challenged scheduling decision was subsequent to any previous habeas petition decided on the

merits.  Boone acknowledges that this claim is not exhausted in state court, but argues that resort to

state court would be "obviously futile" and therefore unnecessary.

The court need not reach this issue, because even if exhausted, the claim has not a whiff of

merit.  *See Granberry v. Greer*, 481 U.S. 129, 135 (1987) (exhaustion not required in order

to deny a frivolous habeas petition on the merits).  Boone admits that neither statutory law,

nor Fifth Circuit precedent, are in his favor, but argues that this law should be disregarded.

*See Creel v. Kyle,* 42 F.3d 955 (5th Cir.), *cert. denied,* 514 U.S. 1070 (1995) (dismissing

constitutional challenge to scheduling of Texas parole review hearings as frivolous).  More

specifically, he claims that the Fifth Circuit's opinion in *Creel* "eluded" the "truth", and that

statutory law should have been disregarded in favor of prison board policy, which supposedly

---

[10]  Dkt. 17.

5

requires annual parole review.

This argument has no basis in law.  Boone has never had a federally cognizable right to  a particular interval of parole review.  TEX. GOV'T CODE ANN. § 508.141(g) (Vernon 2007); TEX.CODE CRIM. PROC. ANN. ART. 42.12, § 15(e) (Vernon 1979); *see also Creel v. Kyle*, 42 F.3d at  957.  Boone's amended claim is frivolous, and should be denied.

## Conclusion and Recommendation

Boone's challenges to parole revocation and disciplinary proceedings are successive and should be dismissed for lack of subject matter jurisdiction in this court.  While this court normally recommends transferring successive petitions to honor Congress's intention that those petitions be screened by the court of appeals,[11] no useful purpose would be served by doing so here. Boone's too frequent filings in this and other courts constitute precisely the sort of writ abuse which § 2244(b) was designed to prevent.  While Boone is free to seek pre-filing authorization from the Fifth Circuit on his own, this court will not condone Boone's repeated disregard for § 2244(b) by recommending transfer for that purpose.

Boone's amended parole review claim should be denied on the merits with prejudice.

Additionally, the court finds that Boone has not made a substantial showing that he was denied a constitutional right, or that it is debatable whether this court is correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, a certificate of

---

[11]  "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit."  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

appealability should not issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections.  Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.  *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on August 27, 2008.

Stephen Wm Smith
United States Magistrate Judge